IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILLER PIPELINE CORPORATION, | Case No. 1:12-cv-980 |
| Plaintiff, | Judge Timothy S. Black |
| v. | |
| DIANNA HESS, | |
| Defendant. | |

_____

| | |
|---|---|
| DIANNA HESS | Case No. 1:12-cv-983 |
| Plaintiff, | Judge Timothy S. Black |
| v. | |
| MILLER PIPELINE CORPORATION, *et al.*, | |
| Defendants. | |

**ORDER OF CONSOLIDATION**

Now before the Court are Miller Pipeline Corporation's Motions to Consolidate Cases, regarding two related civil cases: *Miller Pipeline Corporation v. Dianna Hess*, Case No. 1:12-cv-980, and *Dianna Hess v. Miller Pipeline Corporation, et al.*, Case No. 1:12-cv-983,[1] and the parties' responsive memoranda.[2]  Also before the Court is Hess's motion to dismiss Miller Pipeline's civil action (Doc. 9 in Case No 1:12-cv-983).

---

[1] *See* Doc. 7 in Case No. 1:12-cv-980 and Doc. 6 in Case No. 1:12-cv-983.
[2] *See* Docs. 10 and 12 in Case No. 1:12-cv-980 and Docs. 9 and 10 in Case No. 1:12-cv-983.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In August of 2012, Miller Pipeline Corporation terminated Dianna Hess from its employment. Hess promptly filed a Charge of Discrimination with the Equal Employment Opportunity Commission for violations of Title VII. In October of 2012, Hess received a Notice of Rights to Sue and subsequently threatened suit against Miller Pipeline.

On December 21, 2012, Miller Pipeline preemptively filed a civil action in this Court seeking a declaratory judgment against Hess, seeking a declaration that Miller Pipeline is not liable to Hess under 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §1981 *et seq.*, or Ohio state law, R.C. 4112.01 *et seq.*

Within six days, Hess filed her own civil action in this same court against Miller Pipeline and its manager/supervisor, Steve Farrell. Hess brought claims for sexual harassment, sex discrimination, and intentional infliction of emotional distress claims under the same laws cited in Miller Pipeline's complaint. The Civil Cover Sheet noted the case was related to 1:12-cv-980.

On January 3, 2013, the Court entered its Related Case Memorandum Order, assigning both cases to one judge.

Since then, the parties have filed six separate pleadings fighting over consolidation, largely trying to set up or avoid Hess proceeding as the Plaintiff.

The Court is not impressed.

## II.   ANALYSIS

The Court may order consolidation "[w]hen actions involving a common question of law or fact are pending." Fed. R. Civ. P. 42(a).  Here consolidation is obviously appropriate because the allegations and legal theories in both cases all stem from the same set of operative facts, both cases are pending before the same judge, and the same parties are involved in both lawsuits. *See Contrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).  The Court therefore orders that the two cases be consolidated.  However, the Court prefers that Hess proceed as Plaintiff, bearing the burden of proof on her claims as is the traditional approach.  Given that the Court has substantial discretion to dismiss or stay the declaratory action, or proceed however the Court prefers, *see Medimmune Inc. v. Genetech, Inc.*, 549 U.S. 118, 136 (2007), the consolidation of these cases under the higher numbered case is appropriate so that the litigation proceeds to jury trial with Hess as Plaintiff, while the declaratory action case is contemporaneously tried to the Court.  *A fortiori*, the Court denies Hess's motion to dismiss Miller Pipeline's declaratory judgment action (Doc. 9 in Case No. 1:12-cv-980).

The parties shall proceed to their Rule 26 meeting.

-4-

## ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Miller Pipeline's motions to consolidate (Doc. 7 in 1:12-cv-980 and Doc. 6 in 1:12-cv-983) are **GRANTED**;

2. These two cases are **CONSOLIDATED** for all purposes under the **HIGHER DOCKET NUMBER**, 1:12-cv-983, such that the litigation will proceed to jury trial with Hess as Plaintiff, while the declaratory action case is contemporaneously tried to the Court;

3. **ALL FUTURE FILINGS** shall be made only in Consolidated Case No. 1:12-cv-983;

4. Defendant's Motion to Dismiss (Doc. 9 in Case No. 1:12-cv-980) is hereby **DENIED.**

**IT IS SO ORDERED.**

Date:  March 5, 2013                  *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge